UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

UNITED STATES OF AMERICA

   -v-                                                           No. 12 Cr. 556 (LTS)

LATRELL RIDDLES,

        Defendant.

-------------------------------------------------------x

MEMORANDUM ORDER

        Defendant Latrell Riddles ("Riddles"), along with nine others, is charged in various counts of a five-count Second Superseding Indictment, which was filed on January 9, 2013 (the "S2 Indictment"). (See ECF No. 35.) Counts One and Two of the S2 Indictment charge two defendants, Anibal Soto and Anibal Ramos, with kidnapping and kidnapping conspiracy, in violation of Title 18, United States Code, Section 1201. Count Three of the S2 Indictment charges Soto and Ramos with use of a firearm in furtherance of the kidnapping offenses. Count Four charges Ramos, Riddles and seven additional defendants with conspiring to distribute crack cocaine and heroin in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(A), and Count Five charges Ramos, Riddles and two of the additional defendants with possessing firearms in furtherance of the narcotics conspiracy. Soto is not charged in Counts Four or Five.

        Riddles has moved, pursuant to Rule 14(a) of the Federal Rules of Criminal Procedure, to be tried separately from the defendants who are charged with the kidnapping offenses in Counts One through Three. The Court has considered carefully all of the parties' submissions and, for the following reasons, Riddles' severance motion is denied.

## BACKGROUND

The Complaint and the S2 Indictment allege that Defendant Ramos was the leader of a drug crew that distributed crack cocaine and heroin in the Bronx. Defendant Soto is alleged to have received narcotics from Ramos' crew on multiple occasions. On July 2, 2012, Soto and Ramos, among others, allegedly kidnapped and tortured an individual (the "Victim") in the Bronx, New York. The Victim allegedly had previously worked for Ramos as a drug seller and, in that role, was also known to Soto. Soto was arrested on July 3, 2012, and charged by the Bronx County District Attorney's Office. One week later, Soto was taken into federal custody and the underlying state charges were dismissed.

On July 20, 2012, an indictment was filed in this court as to Soto, charging him with three counts: conspiracy to commit kidnapping, 18 U.S.C. § 1201(c); kidnapping, 18 U.S.C. §§ 1201 and 2; and use of a firearm in furtherance of the kidnapping, 18 U.S.C. § 924(c)(1)(A)(ii) (the "Kidnapping Offenses"). The S2 Indictment, filed on January 9, 2013, charges Soto and Ramos with the same Kidnapping Offenses, but also charges Ramos and eight new co-defendants, including Defendant Riddles, with participating in a narcotics conspiracy to distribute crack cocaine and heroin. Ramos, Riddles and two other co-defendants are also charged with possessing firearms in furtherance of the narcotics conspiracy. Soto has not been charged with participating in the narcotics conspiracy.

## DISCUSSION

"If the joinder of offenses or defendants in an indictment . . . appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Fed R. Crim. P. 14(a). However, "[o]nce defendants have been charged together in a single indictment . . . there is a presumption in favor of trying them together." United States v. Ramos, 346 F. Supp. 2d 567, 570 (S.D.N.Y. 2004); see also

Zafiro v. United States, 506 U.S. 534, 537 (1993) ("There is a preference in the federal system for joint trials of defendants who are indicted together"). A defendant seeking severance must meet the high bar of "demonstrating that he will be so severely prejudiced by a joint trial that it would in effect deny him a fair trial." Ramos, 346 F. Supp. 2d at 569 (internal quotations omitted). In fact, "a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." Zafiro, 506 U.S. at 538; see also United States v. Rosa, 11 F.3d 315, 341 (2d Cir. 1993) ("The principles that guide the district court's consideration of a motion for severance usually counsel denial"). Determination of a severance motion is committed to the discretion of the district court, and "denial of such a motion will be reversed only upon clear abuse of that discretion." United States v. Jimenez, 824 F. Supp. 351, 366 (S.D.N.Y. 1993).

Courts consider the following factors in determining a severance motion: "(1) the number of defendants and the number of counts; (2) the complexity of the indictment; (3) the estimated length of the trial; (4) disparities in the degrees of involvement by defendants in the overall scheme; (5) possible conflict between various defense theories; and (6) prejudice resulting from evidence admissible as to some defendants, but not others." Ramos, 346 F. Supp. 2d at 570. "While no one factor is dispositive, the ultimate question is whether the jury can keep the evidence relevant to each defendant separate and render a fair and impartial verdict as to each defendant." United States v. Locascio, 357 F. Supp. 2d 536, 543 (E.D.N.Y. 2004).

Riddles' principal argument in support of severance is that, at a joint trial with co-defendant Soto, he would be unfairly prejudiced by the introduction of evidence relating to the kidnapping and torture of the Victim. The Government responds that Soto engaged in the Kidnapping Offenses in furtherance of the narcotics conspiracy, and argues that evidence at trial will show that the Victim was kidnapped and tortured because he stole money from the drug crew. Thus,

the Government contends, most of the evidence of the Kidnapping Offenses that would be offered against Soto, would also be offered against Riddles in a separate trial.  See, e.g., United States v. Scarpa, 913 F.2d 993, 1015 (2d Cir. 1990) (denying motion to sever despite defendant's argument that his extortion charges had nothing to do with a larger narcotics trafficking case when "much of the evidence admitted at trial relating to the [narcotics] activity would have been admissible against [defendant] even in a separate trial because . . . the victim of [defendant's] extortion, fell into debt as a result of his participation in that [narcotics] activity"); United States v. Ghavami, No. 10 Cr. 1217(KMW), 2012 WL 2878126, at *16 (S.D.N.Y. July 13, 2012) (denying motion to sever and noting that, "although the Government would not have to prove that [Defendant] engaged in the underlying alleged criminal conduct that is the object of the obstruction charge, evidence of that underlying conduct is relevant and necessary to explain the background of the charge [and] much of the same evidence, including testimony from the same witnesses, would have to be introduced at a separate trial of [the obstruction count]).

    Notably, the Government contends that much of the evidence relating to the narcotics conspiracy will be introduced through testimony by the Victim, who will also be the primary source of information regarding the Kidnapping Offenses.  While Riddles argues that he would prejudiced by the admission of graphic evidence relating to the Kidnapping Offenses, the Government has proffered that members of the drug crew, such as Riddles, carried firearms and routinely engaged in acts of violence as part of their involvement in the charged narcotics conspiracy.  Thus, the Court finds that evidence of the Kidnapping Offenses would likely be admissible against Riddles even at a separate trial, as relevant to the charge that Riddles used a firearm in furtherance of the narcotics conspiracy and probative of the violent nature of the drug crew.  Repeated presentation of this same evidence in separate trials, with its corollary subjection of the Victim to additional trauma and disclosure of evidence in advance of the second trial, would disserve the interests of judicial economy

and the efficiency of the criminal justice system. Cf. Richardson v. Marsh, 481 U.S. 200, 210 (1987).

Even if evidence of the Kidnapping Offenses would *not* be admissible against Riddles, severance would not be mandatory. See United States v. Carson, 702 F.2d 351, 367 (2d Cir. 1983) ("The fact that evidence may be admissible against one defendant but not against another does not necessarily require a severance"). Instead, "[l]imiting instructions to the jury have emerged as the preferred device for curing any prejudicial spillover that may result from a multi-defendant, multi-count trial." Ghavami, 2012 WL 2878126, at *14 (S.D.N.Y. Jul. 13, 2010). After careful consideration of the parties' factual proffers, the Court finds that Riddles has not met his burden of showing that, without severance, he would be subject to prejudice sufficient to override the presumption in favor of a joint trial. Even if Riddles would be subject to some "spillover prejudice" at a joint trial, any such prejudice could be remedied through an appropriate limiting instruction to the jury. See, e.g, Carson, 702 F.3d at 366-67 ("differing levels of culpability and proof are inevitable in any multi-defendant trial and, standing alone, are insufficient grounds for separate trials"). The Court will give appropriate limiting instructions upon request.

## CONCLUSION

For the foregoing reasons, Riddles' severance motion is denied. This Memorandum Order resolves docket entry no. 105.

SO ORDERED.

Dated: New York, New York
      August 5, 2013

                                                      /S
                                        LAURA TAYLOR SWAIN
                                        United States District Judge